OPINIONS OF THE SUPREME COURT OF OHIO
The full texts of the opinions of the Supreme Court of Ohio
are being transmitted electronically beginning May 27, 1992,
pursuant to a pilot project implemented by Chief Justice Thomas
J. Moyer.
        Please call any errors to the attention of the Reporter's
Office of the Supreme Court of Ohio.  Attention:  Walter S.
Kobalka, Reporter, or Deborah J. Barrett, Administrative
Assistant.  Tel.:  (614) 466-4961; in Ohio 1-800-826-9010.  Your
comments on this pilot project are also welcome.
        NOTE:  Corrections may be made by the Supreme Court to the
full texts of the opinions after they have been released
electronically to the public.  The reader is therefore advised to
check the bound volumes of Ohio St.3d published by West
Publishing Company for the final versions of these opinions.  The
advance sheets to Ohio St.3d will also contain the volume and
page numbers where the opinions will be found in the bound
volumes of the Ohio Official Reports.


The State of Ohio, Appellant, v. Shindler, Appellee.
[Cite as State v. Shindler (1994),    Ohio St.3d      .]
Criminal law -- Motion to suppress -- Accused must state the
        motion's legal and factual basis with sufficient
        particularity to place prosecutor and court on notice of
        issues to be decided.
In order to require a hearing on a motion to suppress evidence,
        the accused must state the motion's legal and factual bases
        with sufficient particularity to place the prosecutor and
        the court on notice of the issues to be decided.  (Crim.R.
        47 and Xenia v. Wallace [1988], 37 Ohio St.3d 216, 524
        N.E.2d 889, construed and followed.)
        (No. 93-1546 -- Submitted April 6, 1994 -- Decided August
10, 1994.)
        Appeal from the Court of Appeals for Wood County, No.
92WD075.
        On May 17, 1992, defendant-appellee, Jeanne Shindler, was
arrested and charged with operating a vehicle while under the
influence of alcohol in violation of R.C. 4511.19(A)(1),
operating a vehicle with a prohibited alcohol concentration in
violation of R.C. 4511.19(A)(3) and speeding in violation of R.C.
4511.21.  Appellee timely filed a motion to suppress evidence
obtained from a warrantless seizure, including test results of
appellee's coordination, sobriety and alcohol or drug level,
observations and opinions of the police officer who stopped and
arrested appellee regarding her sobriety and alcohol or drug
level, and any statements made by the appellee.
        Appellee's motion to suppress evidence was brought on the
following grounds:
        "1.  There was no lawful cause to stop the defendant, detain
the defendant, and/or probable cause to arrest the defendant
without a warrant.
        "2.  The test or tests to determine the defendant's alcohol
or drug level were not taken voluntarily and were
unconstitutionally coerced when obtained due to the threat of
loss of license not sanction [sic] by the requirements of R.C.
4511.191.
        "3.  The individual administering the defendant's test of

alcohol did not conduct the test in accordance with the regulations of the Ohio Department of Health governing such testing and/or analysis as set forth in Chapter 3701-53-02 of the Ohio Administrative [C]ode, including the operator's checklist instructions issued by the Ohio Department of Health included in the Appendices to O.A.C. 3701-53-02.

"4. The breath testing instrument was not properly surveyed to determine radio frequency interference by two qualified police officers utilizing two radios and surveying from all positions the hand held, mobile, and base radios required by O.A.C. 3701-53-02(C) and Appendix G.

"5. The operator of the breath testing instrument did no [sic] insure the defendant's test was conducted free of any radio transmissions from within the affected RFI zone and determined by a properly performed RFI survey as required by O.A.C. 3701-53-02(C) and Appendix G.

"6. The machine or instrument analyzing defendant's alcohol level was not in proper working order and not calibrated in accordance within the time and manner required by O.A.C. 3701-53-04.

"7. The solution used to calibrate the testing instrument was invalid and not properly maintained in accordance with O.A.C. 3701-53-04.

"8. The operator was not licensed to operate the instrument analyzing the Defendant's alcohol level nor was he supervised by a senior operator in accordance with O.A.C. 3701-53-07. The person or persons calibrating the instrument analyzing the defendant's alcohol level were not currently licensed to calibrate the instrument in accordance with O.A.C. 3701-53-07.

"9. Statements from the defendant were obtained in violation of the Fifth Amendment right against self-incrimination and both his Fifth and Sixth Amendment right to counsel as applicable under the Fourteenth Amendment."

In a memorandum in support of her motion, appellee further alleged that "[d]efendant was stopped initially because of a speed violation, (Ohio Revised Code Section 4511.21), a minor misdemeanor. This is an insufficient legal basis for a Driving Under the Influence stop."

On June 11, 1992, the trial court overruled appellee's motion to suppress without a hearing, concluding that appellee's "shotgun," "boilerplate" motion failed to set forth a factual basis to justify an evidentiary hearing. Subsequently, appellee filed a motion to reconsider on June 17, 1992, which the trial court denied on June 18, 1992 on the same grounds.

On July 30, 1992, a trial was conducted,during which the results of appellee's Breathalyzer test were admitted into evidence. Appellee was found guilty of driving while under the influence in violation of R.C. 4511.19(A)(1), driving with a prohibited alcohol concentration in violation of R.C. 4511.19(A)(3), and speeding in violation of R.C. 4511.21.

From those convictions, appellee timely appealed to the Court of Appeals for Wood County. The court of appeals reversed appellee's convictions, holding that appellee was entitled to a hearing on her motion to suppress evidence. The court reasoned that appellee's motion gave the prosecutor and the court sufficient notice of the basis of her challenge because appellee's motion to suppress specifically cited the statutes,

regulations and constitutional rights she alleged were violated.

Finding its judgment to be in conflict with the decision of the Third District Court of Appeals in State v. Hensley (1992), 75 Ohio App.3d 822, 600 N.E. 2d 849, the court of appeals certified the record of the case to the court for review and final determination.

Mark D. Tolles, for appellant.
William V. Stephenson, Wood County Public Defender, for appellee.
Rittgers & Mengle, Charles H. Rittgers and W. Andrew Hasselbach, urging affirmance on behalf of amicus curiae, Ohio Association of Public Defenders.

Nugent, J.   The issue presented for our review is to what extent a motion to suppress evidence must set forth its legal and factual bases in order to require a hearing.

Crim.R. 47 provides:

"An application to the court for an order shall be by motion.  A motion, other than one made during trial or hearing, shall be in writing unless the court permits it to be made orally.  It shall state with particularity the grounds upon which it is made and shall set forth the relief or order sought.  It shall be supported by a memorandum containing citations of authority, and may also be supported by an affidavit.

"To expedite its business, the court may make provision by rule or order for the submission and determination of motions without oral hearing upon brief written statements of reasons in support and opposition."

In Xenia v. Wallace (1988), 37 Ohio St. 3d 216, 524 N.E.2d 889, this court held, at paragraphs one and two of the syllabus:

"1.  To suppress evidence obtained pursuant to a warrantless search or seizure, the defendant must (1) demonstrate the lack of a warrant, and (2) raise the grounds upon which the validity of the search or seizure is challenged in such a manner as to give the prosecutor notice of the basis for the challenge.

"2.  Once a defendant has demonstrated a warrantless search or seizure and adequately clarified that the ground upon which he challenges its legality is lack of probable cause, the prosecutor bears the burden of proof, including the burden of going forward with the evidence, on the issue of whether probable cause existed for the search or seizure."

We further noted that Crim.R. 47 "requires that the prosecution be given notice of the specific legal and factual grounds upon which the validity of the search and seizure is challenged."  Id. at 219, 524 N.E.2d at 892.

Appellee's first claim for suppressing the evidence was that the arresting state trooper had no cause for an investigative stop and/or no probable cause to arrest.  In her memorandum in support, appellee cited legal authority and set forth a factual basis for challenging the investigative stop and the arrest. Specifically, appellee claimed that the trooper based his arrest on Shindler's minor speeding violation and her moderate odor of alcohol.  Appellee claims that these factors, standing alone, do not amount to probable cause to arrest for driving under the influence of alcohol.  Thus, appellee's memorandum sufficiently puts the prosecution on notice of the basis of the challenge to

the stop and arrest.  We conclude that as to the issue of the grounds for the investigative stop and subsequent arrest, appellee's motion to suppress complied with Crim.R. 47 and entitled her to a pretrial hearing.

The next seven grounds listed in appellee's motion to suppress challenge the admission of Shindler's breathalyzer test results into evidence.  We recognize that appellee's motion to suppress is a virtual copy of the sample motion to suppress that appears in Ohio Driving Under the Influence Law (1990) 136-137, Section 11.16, a legal handbook authored by the Honorable Mark P. Painter of the Hamilton County Municipal Court and James M. Looker,a criminal defense attorney.  The authors note that in State v. Morehead (Aug. 8, 1990), Hamilton App. No. C-890534, unreported, the motion was found to be sufficient to raise issues regarding compliance with alcohol testing regulations to warrant a hearing.  The Fourth District Court of Appeals has also found a virtually identical motion to be "fully sufficient in setting forth facts respecting suppression of any alcohol tests."  State v. Gullett (1992), 78 Ohio App. 3d 138, 143, 604 N.E.2d 176, 179.

We agree with the Morehead and Gullett courts' analyses and find that Shindler's motion to suppress sufficiently set forth facts in support of suppression of the alcohol test.  Appellee not only claimed that she was unduly threatened with the loss of her license in violation of R.C. 4511.191, but she also challenged the admission of her breathalyzer test results on the basis of specific regulations and constitutional amendments she believed were violated.

Appellee fully complied with Crim.R. 47 and did, in fact, set forth some underlying facts in the memorandum in support of the motion.  The court of appeals below, at page 5 of its opinion, reasoned that "[b]ecause appell[ee]'s motion specifically cites to the statute, regulations and [constitutional] amendments she alleges were violated, we find that her motion gave the prosecutor and the court sufficient notice of the basis of her challenge."

We conclude, based on Crim.R. 47 and Xenia v. Wallace, supra, that the court appeals correctly determined that appellee's motion set forth a sufficient factual and legal basis for her challenge of evidence obtained as a result of her warrantless seizure.  Appellee's motion and memorandum stated with particularity the statues, regulations and constitutional amendments she alleged were violated, set forth some underlying factual basis to warrant a hearing, and gave the prosecutor and court sufficient notice of the basis of her challenge.

Our decision today is in conformity with decisions  from the federal courts, e.g. United States v. Sneed (C.A.11, 1984), 732 F.2d 886, 888  ("[W]here a defendant in a motion to suppress fails to allege facts that if proved would require the grant of relief, the law does not require that the district court hold a hearing independent of the trial to receive evidence on any issue necessary to the determination of the motion."); Cohen v. United States  (C.A.9, 1967), 378 F.2d 751, 760; and those of our sister states,  e.g.,  State v. Desjardinis (Me. 1979), 401 A.2d 165, 169 ("[T]he suppression movant must articulate in his motion with sufficient particularity the specific reason on which he bases his claim that the seizure without warrant was illegal, so that the court will recognize the issues to be decided."); State v.

Miller (1974), 17 Ore. App. 352, 355, 521 P.2d 1330, 1332 (requiring "specificity in the statement of defendant's legal theory");  State v. Johnson (1974), 16 Ore. App. 560, 562, 519 P.2d 1053, 1054 ("[A] a written motion to suppress evidence must specify with particularity the grounds upon which the motion is based.");  Commonwealth v. Metzer (Pa. Super. 1993), 430 Pa.Super.217,    , 634 A.2d 228, 233;  cf. People v. Mendoza (1993), 82 N.Y.2d 415, 624 N.E.2d 1017.

     Our decision today is also in harmony with Crim.R. 12(B)(3), (C) and (G), which generally require that a motion to suppress evidence be filed within thirty-five days after arraignment or seven days before trial, whichever is earlier, and that if the motion is not so filed the issue of the constitutionality of a search and seizure is waived.  Defiance v. Kretz (1991), 60 Ohio St.3d 1, 573 N.E.2d 32; State v. F.O.E. Aerie 2295 (1988), 38 Ohio St.3d 53, 526 N.E.2d 66; and  State v. Moody (1978), 55 Ohio St.2d 64, 9 O.O. 3d 71, 377 N.E.2d 1008.  By requiring the defendant to state with particularity the legal and factual issues to be resolved, the prosecutor and court are placed on notice of those issues to be heard and decided by the court and, by omission, those issues which are otherwise being waived.

     We therefore hold that in order to require a hearing on a motion to suppress evidence, the defendant must state the motion's legal and factual bases with sufficient particularity to place the prosecutor and court on notice of the issues to be decided.

     The judgment of the court of appeals is affirmed, and this cause is remanded for further proceedings consistent with this opinion.

                              Judgment affirmed
                              and cause remanded.

     Moyer, C.J., A.W. Sweeney, Douglas, Wright, F.E. Sweeney and Pfeifer, JJ., concur.

     Donald C. Nugent, J., of the Eighth Appellate District, sitting for Resnick, J.