OPINION
This is an appeal by appellant, the State of Ohio, seeking to reverse the decision of the Portage County Municipal Court, Ravenna Division, suppressing all of the state's evidence against appellee, Jason W. Melton.
In the early morning hours of June 7, 2001, appellee was arrested and charged with: driving under the influence of alcohol, in violation of R.C. 4511.19(A)(1); driving left of center, in violation of R.C. 4511.25; and, failure to wear a seat belt, in violation of R.C. 4513.263. These charges were the result of a stop made by Officer David J. Rarrick, of the Ravenna City Police Department.
On June 15, 2001, appellee filed a motion to suppress all of the evidence against him. At the hearing on the motion to suppress, the state offered the testimony of Officer Rarrick and Trooper Thomas Shevlin of the Ohio State Highway Patrol. Officer Rarrick testified that as he was driving west on Summit Road, he saw a truck approaching him driving erratically and swerving over the centerline and off the right side of the road. At this point of Summit road, the westbound lane, where Officer Rarrick was driving, is within the Ravenna city limits and the eastbound lane is in Ravenna Township.
Officer Rarrick testified that he turned around to follow the truck, but by the time he was able to turn around, the truck was at the intersection of Summit and Prospect, turning north. Officer Rarrick lost sight of the truck after it turned, so he radioed for other officers in the area to watch for the truck. Officer Rarrick also testified that, at that time, he had not activated his overhead lights and he did not intend to stop the truck.
Officer Rarrick testified that he saw the truck again a few minutes later on Hayes Road outside the Ravenna city limits. Officer Rarrick followed the truck, and, as he followed, the truck drove left of center several more times. Officer Rarrick then activated his overhead lights and stopped the truck.
Officer Rarrick testified that appellant was driving the truck, and that, as he approached the truck, he smelled a strong odor of alcohol on appellant. Officer Rarrick also noticed that appellant's eyes were bloodshot and glassy, and that appellant slurred his speech. Officer Rarrick then radioed for a Highway Patrol officer to come to the scene to perform field sobriety tests on appellant.
Trooper Shevlin testified that he went to where Officer Rarrick had stopped appellant. When Trooper Shevlin arrived, appellant was in the back of Officer Rarrick's cruiser. Officer Rarrick told Trooper Shevlin what he had observed. Trooper Shevlin asked appellant to perform field sobriety tests, which appellant failed. Trooper Shevlin then arrested appellant.
The trial court suppressed all evidence resulting from the stop of appellant, holding that all extraterritorial stops are per se unreasonable and violative of the Fourth Amendment. In reaching this decision, the trial court followed this court's rulings in State v. Weideman (Oct. 6, 2000), 11th Dist. No. 98-P-0109, 2000 Ohio App. LEXIS 4655, and State v.Wendel (Dec. 23, 1999), 11th Dist. No. 97-G-2116, 1999 Ohio App. LEXIS 6237.
Appellant timely appealed, pursuant to Crim.R. 12(K), and raises the following assignments of error:
 "[1.] The trial court erred when it failed to dismiss the motion to suppress on the basis that the motion failed to set forth any facts upon which it was based.
 "[2.] The trial court erred when it suppressed evidence flowing from the extraterritorial stop of the defendant. (T.d. 23)"
In its first assignment of error, appellant argues that appellee's motion should have been dismissed for failing to comply with Crim.R. 47. In support of this proposition, appellant cites State v. Shindler,70 Ohio St.3d 54, 1994-Ohio-452.
Crim.R. 47 requires that a motion:
 "state with particularity the grounds upon which it is made and shall set forth the relief or order sought. It shall be supported by a memorandum containing citations of authority, and may also be supported by an affidavit."
 Shindler, supra, provides:
 "[i]n order to require a hearing on a motion to suppress evidence, the accused must state the motion's legal and factual bases with sufficient particularity to place the prosecutor and the court on notice of the issues to be decided." Id., at syllabus.
While appellee's motion did not expressly mention that the stop was extraterritorial, it was sufficient to give the prosecutor and the court notice of the issues to be decided. Appellant's first assignment of error is without merit.
In its second assignment of error, appellant argues that the trial court erred by suppressing all evidence flowing from the extraterritorial stop of appellee. Appellant argues that, when appellee swerved across the centerline of Summit Road, he was momentarily inside of Officer Rarrick's jurisdiction, and that the extraterritorial stop of appellee was the result of Officer Rarrick's hot pursuit. Because of the Supreme Court of Ohio's recent decision in State v. Weideman, 94 Ohio St.3d 501,2002-Ohio-1484, a determination of whether Officer Rarrick was in hot pursuit of appellee is not necessary to decide this assignment of error.
The trial court properly relied on this court's authority as set forth in State v. Weideman (Oct. 6, 2000), 11th Dist. No. 98-P-0109, 2000 Ohio App. LEXIS 4655. However, the Supreme Court of Ohio recently reversed our Judgment in Weideman, holding that:
 "[w]here a law enforcement officer, acting outside the officer's statutory territorial jurisdiction, stops and detains a motorist for an offense committed and observed outside the officer's jurisdiction, the seizure of the motorist by the officer is not unreasonable per se under the Fourth Amendment. Therefore, the officer's statutory violation does not require suppression of all evidence flowing from the stop." (Emphasis sic.) State v. Weideman (2002), 94 Ohio St.3d 501, syllabus.
Officer Rarrick observed appellant's truck driving erratically and swerving left of center several times, both on Summit and Hayes roads. This erratic driving and driving left-of-center gave Officer Rarrick probable cause to stop appellant for his driving violations and gave him a reasonable suspicion, particularly after the stop, based on specific and articulable facts, that appellant was driving under the influence of alcohol. See e.g. State v. Rivera (Sept. 21, 2001), 11th Dist. No. 2001-A-0005, 2001 Ohio App. LEXIS, at *12, 2001 Ohio 4322. Thus, Officer Rarrick's stop of appellant did not violate the Fourth Amendment, and the evidence obtained as a result of the stop should not have been suppressed. Appellant's second assignment of error has merit.
For the foregoing reasons, the judgment of the Portage County Municipal Court, Ravenna Division, is reversed and remanded for further proceedings consistent with this opinion.
WILLIAM M. O'NEILL, P.J., DONALD R. FORD, J., concur.