OPINION
{¶ 1} Defendant-appellant Daniel Gozdan appeals his conviction in the Carroll County Court for violating R.C.4511.19(A)(1) and (4), driving under the influence of alcohol. The issue raised in this appeal is whether the trial court abused its discretion in failing to hold a hearing on Gozdan's motion to suppress the results of the field sobriety test and on his motion to suppress the results of the urinalysis. For the reasons stated below, the decision of the trial court is affirmed in part, reversed in part and remanded.
 STATEMENT OF FACTS {¶ 2} On November 30, 2002, a police officer observed Gozdan's vehicle go left of center twice on State Route 39. The officer proceeded to stop Gozdan. Upon having contact with Gozdan, the officer smelled a strong odor of alcohol on Gozdan's breath and noticed that he had bloodshot and glassy eyes. The officer then asked Gozdan if he had been drinking. Gozdan stated that he had four or five drinks. The officer tried to get Gozdan to submit to a portable breath test, but he refused. Field sobriety tests were then administered. The officer reported that the results of these tests indicated that Gozdan was too intoxicated to drive. Gozdan was then arrested and transported to the Carroll County Sheriff's Department where he agreed to submit to a urine test. The urine test indicated that Gozdan was over the legal limit.
 {¶ 3} As a result, Gozdan was charged with R.C. 4511.19(A)(1) and (4). Gozdan pled not guilty to the charges and filed motions to suppress. The trial court overruled the motions. Gozdan then changed his plea to no contest. The court found him guilty and sentenced him accordingly. Gozdan timely appeals from the denial of the motion to suppress raising two assignments of error.
 ASSIGNMENT OF ERROR NUMBER ONE {¶ 4} "Where a defendant who has been charged with dui files a motion to suppress evidence claiming that his arrest was not supported by probable cause and in that motion sets forth facts sufficient to put the prosecutor and court on notice of the basis of his challenge, including that he did not believe that the field sobriety tests were administered in compliance with standardized procedures, it is error for the court to overrule the motion without a hearing."
 {¶ 5} A hearing was held as to whether there was a reasonable articulable suspicion for the traffic stop. However, the court did not allow the issue as to whether the field sobriety tests were performed within strict compliance with the standards set forth by the National Highway Traffic Safety Administration (NHTSA). (Tr. 7). The trial court held that the field sobriety tests could not be challenged because Gozdan did not set forth a factual basis for challenging the field sobriety tests. (Tr. 7).
 {¶ 6} At the outset, we note that Crim.R. 12 does not mandate an evidentiary hearing on every suppression motion. In such cases where there is no evidentiary hearing, we review the trial court's decision pursuant to an abuse of discretion standard.Solon v. Mallion (1983), 10 Ohio App.3d 130, 132. An abuse of discretion is more than a mere error of law or of judgment; it implies an attitude that is unreasonable, unconscionable or arbitrary. State v. Adams (1980), 62 Ohio St.2d 151, 156.
 {¶ 7} As to the field sobriety tests, the motion to suppress states the following:
 {¶ 8} "In addition, in order for the results of a field sobriety test to serve as evidence of probable cause to arrest, the police must have administered the test in strict compliance with standardized testing procedures State v. Homan (2000),89 Ohio St.3d 421. The defendant does not believe the officer did so in this case."
 {¶ 9} Crim.R. 47, in pertinent part, requires a motion to "state with particularity the grounds upon which it is made." Before a hearing on a motion to suppress evidence is required, "the accused must state the motion's legal and factual basis with sufficient particularity to place the prosecutor and the court on notice of the issues to be decided." State v. Scott (Dec. 14, 2001), 8th Dist. No. 77461, citing State v. Shindler,70 Ohio St.3d 54, syllabus, 1994-Ohio-452, citing Crim.R. 47 and Xeniav. Wallace (1988), 37 Ohio St.3d 216. The purpose of the particularity requirement is notice, thus the facts alleged must satisfy the notice requirement to the extent that such facts are available to the movant. State v. Ward (Nov. 5, 1993), 2d Dist. No. 2966 (stating the detail in which the facts must be set forth will vary depending on the circumstances), citing Xenia,37 Ohio St.3d 216. The motion must have some factual basis and contain more than mere allegations; it has to be more than a mere fishing expedition. State v. Speakman, 4th Dist. No. 1799, 2001-Ohio-2437.
 {¶ 10} Gozdan's statement that the field sobriety tests must be performed in strict compliance with established standards, is a correct statement of the law. However, merely stating that it was not performed in strict compliance provides no factual basis to support the allegation. Scott, 8th Dist. No. 77461 (reciting hornbook law without providing any factual basis for the motion to suppress is not sufficient to justify a hearing). In the instant matter, the facts are available to the movant. The requirements for the field sobriety tests are well known and published in books in law libraries. A condensed version of the requirements are found on the internet on NHTSA's homepage — http://www.nhtsa.dot.gov. Furthermore, Gozdan is the one who participated in the field sobriety tests. Consequently, he has knowledge as to how he was instructed to perform the tests. Thus, since he has knowledge as to how he was instructed to perform the test and since he has access to the knowledge as to how the field sobriety tests should be administered, he can specifically allege facts to support that they were not administered in strict compliance with the prescribed standards. Accordingly, the mere allegation that the tests were not administered in strict compliance with NHTSA standards did not mandate the trial court to hold a hearing on the suppression motion. The trial court did not abuse its discretion in failing to hold a hearing on the motion to suppress the field sobriety tests.
 ASSIGNMENT OF ERROR NUMBER TWO {¶ 11} "Where a defendant who has been charged with dui files a motion to suppress the results of the urine test and in that motion sets forth the specific provisions of the ohio administrative code which he believes have not been followed, thus putting the prosecutor and court on notice of the basis of his challenge, it is error for the court to overrule the motion without a hearing."
 {¶ 12} A motion to suppress was also filed in regards to the urine test. Unlike the field sobriety tests suppression motion, this motion was specific. It states the following:
 {¶ 13} "1. The urine was not analyzed based on an approved method having documented sensitivity, specificity, accuracy, precision and linearity as required by OAC 3701-53-03.
 {¶ 14} "2. The urine was not deposited into a clean glass or plastic screw top container nor was it witnessed to assure that the sample can be authenticated nor was it sealed in a manner such that tampering can be detected nor did it have a label which contains at least the following information: name of suspect, date and time of collection, and name or initials of person collecting and/or sealing the sample, as required by OAC3701-53-05(D) and (E).
 {¶ 15} "3. While not in transit or under examination, the urine sample was not properly refrigerated as required by OAC3701-53-05(F).
 {¶ 16} "4. No copy of the chain of custody for the urine sample has been retained as required by OAC 3701-53-06(A).
 {¶ 17} "5. The laboratory which analyzed the urine has not participated in a national proficiency testing program as required by OAC 3701-53-06(B).
 {¶ 18} "6. The urine sample was not analyzed in accordance with the laboratory's written procedure manual as required by OAC3701-53-06(C).
 {¶ 19} "7. The designated laboratory director has not reviewed, signed, and dated the written procedure manual as certifying that the manual is in compliance with this OAC3701-53-06.
 {¶ 20} "8. The urine sample was not analyzed in a laboratory whose personnel meets the qualifications set forth in OAC3701-53-07, 3701-53-08, and 3701-53-09."
 {¶ 21} The trial court denied Gozdan the right to a hearing on these issues by stating the following:
 {¶ 22} "[A]s it pertains to the urinalysis or the taking of the urine uh you're alleging the way I read it that eight (8) things were not properly done and that just about covers every cotton picking thing you can do under this procedure to collect urine and analyze it so that definitely there's not any factual uh correlation to that it just looks that you've set forth all of things that are suppose to be done when urine is collected and you've alleged none of it was properly followed and never tied it into this case." (Tr. 7).
 {¶ 23} The suppression motion in this case is similar to the suppression motion in Shindler, 70 Ohio St.3d 54. Both suppression motions are virtual copies of the statute and regulations that are complained of being violated.
 {¶ 24} In Shindler, the trial court overruled the motion to suppress the results of a breathalyzer test for failure to comply with the Ohio Administrative Code without holding an evidentiary hearing. The trial court reasoned that the suppression motion was a "shotgun," "boilerplate" motion that failed to set forth a factual basis to justify an evidentiary hearing. However, the appellate court disagreed and reversed the case. It stated that the motion gave the prosecutor and the court sufficient notice of the basis of the challenge by citing the statutes and regulations defendant alleged were violated. The Supreme Court agreed with the appellate court's reasoning. It stated defendant's suppression motion specifically cited to statutes and regulations that were believed to be violated; thus, the motion gave the prosecution and the court sufficient notice of the basis for the challenge. Id. at 57-58. Accordingly, it found that defendant fully complied with Crim.R. 47, and an evidentiary hearing should have been held.
 {¶ 25} Given the reasoning in Shindler, the trial court erred when it failed to hold a hearing on the suppression of the urine test. In this matter, the allegations made by Gozdan are specific and put the state and the court on notice of the issues to be decided. For instance, number three in the suppression motion states that the refrigeration requirement in Ohio Adm. Code 33701-53-05(F) was not complied with. Likewise, number two claims that the urine was not deposited into a clean container that was labeled with his name, the date and the time as is required by Ohio Adm. Code 3701-53-05(D) and (E). In the motion to suppress, each listed alleged defect in the urinalysis is similar to the above two examples; they all cite to the regulation and requirement believed to be violated. Thus, regardless of the fact that Gozdan raises almost every single issue that could be raised in a urine test, the state's argument that it was not on notice of the issues that were being raised as to this test fails. By citing the regulation and requirements Gozdan believes to be violated, he is putting the state on notice of the exact requirements it must prove to demonstrate substantial compliance with the regulations. Id. at 58. However, for example, if the motion to suppress simply stated that the urine test did not substantially comply with the Ohio Administrative Code then the motion to suppress would not be factual enough to justify a hearing. State v. Borgerding (1997), 119 Ohio App.3d 632. As the allegations made against the state are specific, the trial court abused its discretion when it failed to hold a hearing on the motion to suppress the urine test. In reaching that conclusion, we fail to see a great deal of difference between the impermissibly broad, general allegation that a procedure was not performed pursuant to the rules and regulations, and a motion that makes the same allegation but restates the rules or regulations with specificity. Nonetheless, we are bound to follow the Supreme Court precedent in Schindler. This assignment of error is meritorious.
 {¶ 26} For the foregoing reasons, the decision of the trial court as to the field sobriety tests is hereby affirmed. However, the trial court's decision regarding the urine test is hereby reversed and this case is remanded for further proceedings according to law and consistent with this Court's opinion.
Waite, P.J., concurs.
Donofrio, J., concurs.