DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from a judgment of the Ottawa County Municipal Court that found appellant guilty of one count of operating a vehicle while under the influence of alcohol. For the following reasons, the judgment of the trial court is affirmed.
 {¶ 2} Appellant sets forth three assignments of error:
 {¶ 3} "Error I: The trial court committed substantial prejudicial error by finding Stoner's Motion to Dismiss, Suppress, and in limine failed to give the state sufficient notice.
 {¶ 4} "Error II: The trial court committed substantial prejudicial error by denying suppression of Stoner's breath test.
 {¶ 5} "Error III: The trial court committed substantial prejudicial error by finding probable cause existed to arrest Stoner."
 {¶ 6} On February 14, 2004, appellant was pulled over in Elmore, Ohio, for failing to stop for a red light. He subsequently was arrested for driving under the influence of alcohol in violation of R.C. 4511.19(A)(4). On March 29, 2004, appellant filed a motion to suppress evidence obtained from his warrantless arrest. Appellant challenged the manner in which the field sobriety and breathalyzer tests were administered. He also asserted the officer did not have probable cause to arrest him without a warrant.
 {¶ 7} A hearing was held on the motion on May 11, 2005. Sergeant Robert Paulsen, Oak Harbor Police Department, testified he administered the BAC test to appellant. Paulsen is certified to operate the BAC DataMaster and perform the calibration checks of the machine as required. The state produced a dated copy of the permit indicating Paulsen's certification was current when appellant was tested. Paulsen also testified that Police Chief Weirich is certified as a senior operator and identified a copy of Weirich's permit. Paulsen brought the originals of both certificates to court. Paulsen further testified Weirich performed a calibration of the machine on February 9, 2004, and identified the "Instrument Check Form" completed by Weirich on that date. The form indicated Weirich completed the calibration test and the results were within the acceptable range. Paulsen also identified copies of the "Evidence Ticket" from the February 9 calibration test. Evidence tickets are printed by the machine and indicate the results of the tests.
 {¶ 8} Oak Harbor Police Sergeant Jeff Harrison testified he stopped appellant on February 14, 2004, after he observed appellant drive through a red light. When he spoke to appellant, he noticed a heavy odor of mouthwash and saw that appellant's eyes were bloodshot. Appellant admitted drinking two beers but did not say how recently. He administered three field sobriety tests. The officer testified in detail as to how he administered each test. In the horizontal gaze nystagmus test, he noted six "indicators," which told him there was "a high degree of likelihood" appellant had consumed alcohol. Harrison also administered the walk and turn test and the one-leg stand test, both of which appellant did not pass. Harrison then placed appellant under arrest and took him to the Oak Harbor Police Station. Prior to administering the breathalyzer test, Harrison read appellant the required information regarding the consequences of refusing to take the test, and appellant consented. Harrison testified he is a certified senior operator. Harrison identified the evidence ticket indicating appellant's blood alcohol level was 0.165 percent after his arrest.
 {¶ 9} At the conclusion of the evidence, the trial court denied appellant's motion. The court found the officer had reasonable, articulable suspicion to stop appellant based on the traffic light violation. The court further found probable cause to arrest appellant for driving under the influence of alcohol based on his performance on the field sobriety tests, his admission that he had consumed alcohol, his bloodshot eyes and the odor of mouthwash. The trial court found that the manner in which Sergeant Harrison conducted the sobriety tests complied with the standards set forth by the National Highway Traffic Safety Administration ["NHTSA"]. Finally, the court found appellant's motion did not give the state sufficient notice of the basis for challenging the search and seizure.
 {¶ 10} On June 30, 2005, appellant entered a no contest plea to the DUI charge, was found guilty and was sentenced. This timely appeal followed.
 {¶ 11} In his first assignment of error, appellant asserts the trial court erred by finding that his motion to dismiss, suppress and in limine failed to give the state sufficient notice of the issues to be decided.
 {¶ 12} Motions in criminal proceedings are governed by Crim.R. 47, which states in relevant part that "[a] motion shall state with particularity the grounds upon which it is made and shall set forth the relief or order sought. * * *"
 {¶ 13} The Supreme Court of Ohio has held that in order to suppress evidence obtained pursuant to a warrantless search or seizure, the defendant must (1) demonstrate that the search or seizure was warrantless and (2) state the grounds on which he challenges the search or seizure with enough particularity toput the state on notice of the basis for his challenge. State v.Nickelson (July 20, 2001), 6th Dist. No. H-00-036, citing Cityof Xenia v. Wallace (1988), 37 Ohio St.3d 216. (Emphasis added.)
 {¶ 14} In State v. Shindler, 70 Ohio St.3d 54,1994-Ohio-452, the Ohio Supreme Court analyzed Crim.R. 47 as applied to motions to suppress in drunk driving cases. Shindler
stated, "* * * We recognize that appellee's motion to suppress is a virtual copy of the sample motion to suppress that appears in Ohio Driving Under the Influence Law (1990) 136-137, Section 11.16, * * *." Nevertheless, the Shindler court found that the motion set forth a sufficient factual and legal basis for the challenge of evidence obtained as a result of the defendant's warrantless seizure because "* * * appellee * * * did, in fact, set forth some underlying facts in the memorandum in support of the motion." Id.
 {¶ 15} Appellant contends the language used in his motion rises to the level of specificity required by the court inShindler. We disagree. Appellant's motion to dismiss, suppress and in limine and attached memorandum total eight pages. In the motion itself, appellant begins by asserting there was no lawful cause to stop, detain or arrest him without a warrant. He then states the field sobriety tests "* * * were not conducted in strict compliance with the National Highway Transportation Safety Administration Manual and are not admissible for probable cause or at trial." Appellant continues with a laundry list of 15 allegations that appear to encompass every possible defect that may have occurred in appellant's, or any other defendant's, field sobriety test or chemical test. Following are appellant's allegations in significantly abbreviated form:
 {¶ 16} (1) the individual administering the breath test(s) did not conduct the test in accordance with the relevant limitations and regulations governing such testing and/or analysis;
 {¶ 17} (2) the machine was not properly installed and did not have the proper relevant documentation;
 {¶ 18} (3) the machine was not in proper working order;
 {¶ 19} (4) the machine's calibration was not checked using approved checklists;
 {¶ 20} (5) the solution used to calibrate the testing instrument was invalid and not properly maintained, stored or approved;
 {¶ 21} (6) the operator was not validly licensed to operate the instrument;
 {¶ 22} (7) the persons conducting the calibration check of the machine were not currently validly license to check the calibration of the machine;
 {¶ 23} (8) defendant's breath sample did not comply with the relevant requirements;
 {¶ 24} (9) "if a portable breath test was administered," the result was not admissible as the device was not approved; the operator was not certified; a proper approved checklist was not followed; records of the tests and calibration checks of the device were not maintained; the machine was not properly calibrated or calibration was not checked properly. (A portable breath test was not administered in this case.)
 {¶ 25} Appellant's motion, while it contained numerous citations to the relevant Ohio Department of Health regulations (omitted above for the sake of brevity), provided no factual support for any of his allegations. In his memorandum in support, appellant cited 27 cases relevant to suppression of the results of alcohol tests. At the conclusion of his memorandum, appellant again stated that the tests were not conducted in compliance with the NHTSA manual.
 {¶ 26} Ohio appellate cases have found motions to suppress insufficient to comply with the mandates of Crim.R. 47 andShindler. In State v. Zink (Sept. 4, 1996), 9th Dist. No. 17484, the court noted there must be some factual basis in the motion to indicate it is not "just a shotgun approach achieved by merely `wrapping the administrative code in a folder and filing it.'" Zink, quoting State v. Hensley (1992),75 Ohio App.3d 822, 829. The Zink court concluded that the trial court did not err in failing to grant the defendant a hearing on his motion, as the motion was "totally inadequate because it merely listed every possible rule and regulation that might conceivably be applicable; there were no specific facts or supporting evidentiary materials." Id.
 {¶ 27} In the case before us, appellant merely stated the tests were not performed in strict compliance with the law. He provided no factual basis to support the allegations. The prosecutor and the trial court are well-versed on the various requirements for the field sobriety and BAC tests reproduced in appellant's motion; what they did not know was how the tests were administered to appellant and precisely how the regulations may not have been followed. Appellant's motion to suppress herein made no specific connections between the regulations cited and any alleged deficiencies in the tests as performed onappellant. The motion must have some factual basis and containmore than mere allegations. See State v. Gozdan, 7th Dist. No. 03CA792, 2004-Ohio-3209. This case is distinguished fromShindler upon the fact that the defendant in Shindler, in addition to setting forth a list of legal reasons for suppressing the breath test, also supported the legal reasons with facts.Shindler at 57. As in Hensley, supra, it appears appellant "wrapped the administrative code in a folder and filed it." As a result, the state had insufficient notice of the specific alleged deficiencies of any of the tests. Accordingly, appellant's first assignment of error is not well-taken.
 {¶ 28} In his second assignment of error, appellant asserts the trial court erred by denying suppression of his breath test. Specifically, appellant argues the calibration solution certificate for the batch and bottle was not certified and not authenticated by anyone from the Department of Health as a true copy.
 {¶ 29} When considering a motion to suppress, the trial court assumes the role of the trier of fact and is therefore in the best position to resolve factual questions and evaluate the credibility of a witness. State v. Smith (1997),80 Ohio St.3d 89, 105, 1997-Ohio-355; State v. Fanning (1982),1 Ohio St.3d 19, 20. This court is bound to accept the trial court's findings of fact if they are supported by competent, credible evidence.State v. Davis (1999), 133 Ohio App.3d 114, 117. Applying those facts, we must then independently determine as a matter of law whether the facts meet the appropriate legal standard. State v.Klein (1991), 73 Ohio App.3d 486, 488.
 {¶ 30} At the conclusion of Officer Paulson's testimony, the state moved to admit the original certificate indicating the solution used to test the accuracy of the BAC DataMaster prior to appellant's test was approved and had not expired at the time of the most recent instrument check test. The defense objected, stating the document did not contain any type of authentication. The state noted there was no seal on the document although there were stickers on the back of the certificate indicating the solution number and expiration dates. The trial court admitted the certificate. The record indicates that the certificate did not bear the original seal of the Department of Health or a statement certifying the director's signature as genuine, cf. Evid.R. 902(1) and (2) or a certification from an authorized person that the copy was correct, cf. Evid.R. 902(4).
 {¶ 31} Pursuant to the decision of the Supreme Court of Ohio in State v. Edwards, 107 Ohio St.3d 169, 2005-Ohio-6180, judicial officials at suppression hearings may rely on hearsay and other evidence to determine whether alcohol test results were obtained in compliance with methods approved by the Director of Health, even though that evidence would not be admissible at trial. See also Maumee v. Weisner (1999), 87 Ohio St.3d 295,298, 1999-Ohio-68; United States v. Raddatz (1980),447 U.S. 667, 679; United States v. Matlock (1974), 415 U.S. 164,173-174. Therefore, the trial court in this case did not err by admitting into evidence the test-solution certificate to determine whether the state's chemical results complied with the director's regulations even if the Rules of Evidence governing authentication and hearsay would preclude admission of the certificate at trial. Accordingly, appellant's second assignment of error is not well-taken.
 {¶ 32} In his third assignment of error, appellant asserts the trial court erred by finding probable cause existed for his arrest. The trial court found that probable cause existed based on the odor of mouthwash coming from appellant's car, his bloodshot eyes, his performance on the field sobriety tests and his admission to having consumed two beers.
 {¶ 33} In Beck v. Ohio (1964), 379 U.S. 89, 91, the United States Supreme Court held that probable cause for a warrantless arrest is based on "* * * whether at that moment the facts and circumstances within their knowledge and of which they had reasonably trustworthy information were sufficient to warrant a prudent man in believing that the petitioner had committed the offense."
 {¶ 34} The arresting officer in this case testified he noticed a strong odor of mouthwash and appellant's eyes were bloodshot. Appellant also admitted consuming beer. The officer administered three field sobriety tests and concluded appellant did not perform well enough to pass any of them. Based on the foregoing, we find the arresting officer had a sufficient basis for believing appellant was driving while under the influence of alcohol. Accordingly, appellant's third assignment of error is not well-taken.
 {¶ 35} On consideration whereof, this court finds that substantial justice was done the party complaining and the judgment of the Ottawa County Municipal Court is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Ottawa County.
Judgment affirmed.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Peter M. Handwork, J. William J. Skow, J. Dennis M. Parish,J. Concur.