OPINION
{¶ 1} Defendant-appellant, Justin M. Arnold, appeals from an East Liverpool Municipal Court judgment overruling his motion to suppress the results of his field sobriety tests.
 {¶ 2} On May 13, 2005 at 2:20 a.m., Patrolman John Headley witnessed a vehicle pull out of a parking lot onto the road at a high rate of speed with his tires squealing. Headley followed the vehicle, and observed it veer off of the road and then cross left of the center line. Headley activated his lights. The vehicle accelerated and eventually pulled into a driveway. Appellant exited the vehicle and began walking away. Headley instructed appellant to step back into the car. As Headley approached appellant, he detected a strong odor of alcohol and noticed that appellant's eyes were glassy and bloodshot. Appellant admitted to Headley that he did not live at the residence, but that he pulled into the driveway because he thought he could get away. Appellant further admitted that he consumed seven or eight beers that evening.
 {¶ 3} Headley asked appellant to step out of the vehicle to perform field sobriety tests. Headley, who is trained in field sobriety testing, administered the horizontal gaze nystagmus (HGN) test, the walk and turn test, and the one-leg stand test. Headley determined from appellant's performance that appellant failed all three tests. Headley placed appellant under arrest and took him to the police station, where appellant refused to take a Breathalyzer test.
 {¶ 4} Appellant was charged with one count of operating a vehicle while intoxicated (OVI), reckless operation, and failure to stay within marked lanes. Appellant entered a plea of not guilty. He then filed a motion to suppress/dismiss challenging the reasonableness of his stop, the probable cause for his arrest, and the administration of the field sobriety tests. The court held a hearing and subsequently denied the motion. Thereafter, appellant waived his right to a trial and entered a no contest plea to the OVI and marked lanes violations. Plaintiff-appellee, the State of Ohio, agreed to dismiss the reckless operation charge. The trial court subsequently found appellant guilty and sentenced him to 90 days in jail with 80 days suspended, three years probation, and a $500 fine. Appellant filed a timely notice of appeal on September 23, 2005. The court stayed appellant's sentence pending this appeal.
 {¶ 5} Appellant raises one assignment of error, which states:
 {¶ 6} "THE TRIAL COURT ERRED TO THE PREJUDICE OF THE APPELLANT WHEN IT OVERRULED HIS MOTION TO SUPPRESS THE TESTIMONY/EVIDENCE OF THE ARRESTING OFFICER REGARDING THE RESULTS OF APPELLANT'S FIELD SOBRIETY TESTS AS SAME WHERE [sic.] NOT ADMINISTERED IN SUBSTANTIAL COMPLIANCE WITH THE TESTING STANDARDS AND PROCEDURES."
 {¶ 7} Appellant contends that Headley did not administer the field sobriety tests in substantial compliance with National Highway Traffic Safety Administration (NHTSA) testing standards, and the prosecution failed to provide clear and convincing evidence that Headley administered the tests in substantial compliance with NHTSA standards.
 {¶ 8} The Ohio Supreme Court has recognized that since the amendment of R.C. 4511.19 by the Ohio Legislature in 2003, field sobriety tests are no longer required to be conducted in strict compliance with standardized testing procedures. State v.Schmitt, 101 Ohio St.3d 79, 801 N.E.2d 446, 2004-Ohio-37, at ¶9. "Instead, an officer may now testify concerning the results of a field sobriety test administered in substantial compliance with the testing standards." Id. This holding further enforces R.C.4511.19(D)(4)(b), which provides in part, that evidence and testimony of the results of a field sobriety test may be presented "if it is shown by clear and convincing evidence that the officer administered the test in substantial compliance with the testing standards for any reliable, credible, and generally accepted field sobriety tests that were in effect at the time the tests were administered, including, but not limited to, any testing standards then in effect that were set by the national highway traffic safety administration."
 {¶ 9} In determining whether the state has shown by clear and convincing evidence that the officer administered the tests in substantial compliance with testing standards, the allocation of burden of proof for a motion to suppress must be determined. In order to suppress evidence or testimony concerning a warrantless search, a defendant must "raise the grounds upon which the validity of the search or seizure is challenged in such a manner as to give the prosecutor notice of the basis for the challenge."Xenia v. Wallace (1988), 37 Ohio St.3d 216, 524 N.E.2d 889, paragraph one of the syllabus. The defendant is required to set forth the basis for the challenge "only with sufficient particularity to put the prosecution on notice of the nature of the challenge." State v. Purdy, 6th Dist. No. H-04-008,2004-Ohio-7069, at ¶ 15, citing State v. Shindler (1994),70 Ohio St.3d 54, 57-58, 636 N.E.2d 319. After the defendant sets forth a sufficient basis for a motion to suppress, the burden shifts to the state to demonstrate proper compliance with the regulations involved. Id. citing State v. Johnson (2000), 137 Ohio App.3d 847, 851, 739 N.E.2d 1249.
 {¶ 10} In the instant case, appellant's motion to suppress was not specific enough to put the prosecution on notice of the nature of his challenge and to shift the burden of proof to the state. Appellant's motion stated, "[u]ntil and unless the prosecution can demonstrate that each and every field sobriety test was administered * * * [in the manner prescribed by the NHTSA], all such evidence must be suppressed under [State v.]Homan [(2000), 89 Ohio St.3d 421, 732 N.E.2d 952.]" This court has previously found similar language to be inadequate.
 {¶ 11} In State v. Gozdan, 7th Dist. No. 03-CA-792,2004-Ohio-3209, at ¶ 8, the defendant's motion to suppress read: "`In addition, in order for the results of a field sobriety test to serve as evidence of probable cause to arrest, the police must have administered the test in strict compliance with standardized testing procedures State v. Homan * * *. The defendant does not believe the officer did so in this case.'" This court affirmed the trial court's decision to deny the motion to suppress the results of the field sobriety tests without holding a hearing. We maintained that merely stating that the tests were not performed in strict compliance provided no factual basis to support the allegation. Id. at ¶ 10. We reasoned that since the defendant had knowledge as to how he was instructed to perform the tests and since he had access to the knowledge as to how the field sobriety tests should be administered, he could have specifically alleged facts to support that the tests were not administered in compliance with the prescribed standards. Id. See also State v.Stoner, 6th Dist. No. OT-05-042, 2006-Ohio-2122.
 {¶ 12} In this case too, appellant's motion to suppress was not specific enough to shift the burden to the state to demonstrate proper compliance with the NHTSA regulations. Appellant failed to allege facts in his motion as to how Headley instructed him to perform the tests and how they did not comply with NHTSA standards. For this reason, the trial court did not err in denying appellant's motion to suppress the results of his field sobriety tests. Accordingly, appellant's sole assignment of error is without merit.
 {¶ 13} For the reasons stated above, the trial court's judgment is hereby affirmed.
Vukovich, J., concurs.
DeGenaro, J., concurs.