OPINION
{¶ 1} On August 27, 2005, Mansfield Police Officer Richard Miller observed an individual walking down the street in a high crime area at 2:36 a.m. Officer Miller pulled over to speak with the individual, but he fled. Officer Miller chased him, but lost him.
 {¶ 2} Officer Miller radioed for assistance. Officers Carroll and Evans found appellant, Nathaniel Robinson, in some weeds close to where he had started running. Officer Carroll conducted a pat-down search of appellant and found a crack pipe and a rock of crack cocaine wrapped up in a dollar bill. Officer Miller identified appellant as the individual who had fled from him.
 {¶ 3} Appellant was charged with one count of possession of crack cocaine in violation of R.C. 2925.11. On November 17, 2005, appellant filed a motion to suppress, claiming an illegal stop. A hearing was held on December 27, 2005. By judgment entry filed February 3, 2006, the trial court denied the motion.
 {¶ 4} On March 1, 2006, appellant pled no contest. The trial court found appellant guilty. By judgment entry filed same date, the trial court sentenced appellant to nine months in prison, suspended in lieu of community control.
 {¶ 5} Appellant filed an appeal and this matter is now before this court for consideration. Assignment of error is as follows:
 I {¶ 6} "THE TRIAL COURT ERRED TO DEFENDANT/APPELLANT'S PREJUDICE BY OVERRULING HIS MOTION TO SUPPRESS WITHOUT TESTIMONY FROM THE OFFICER THAT CONDUCTS THE WARRANTLESS SEARCH." *Page 3 
 I {¶ 7} Appellant claims the trial court erred in denying his motion to suppress. We disagree.
 {¶ 8} There are three methods of challenging on appeal a trial court's ruling on a motion to suppress. First, an appellant may challenge the trial court's findings of fact. In reviewing a challenge of this nature, an appellate court must determine whether said findings of fact are against the manifest weight of the evidence. State v. Fanning (1982),1 Ohio St.3d 19; State v. Klein (1991), 73 Ohio App.3d 485; State v.Guysinger (1993), 86 Ohio App.3d 592. Second, an appellant may argue the trial court failed to apply the appropriate test or correct law to the findings of fact. In that case, an appellate court can reverse the trial court for committing an error of law. State v. Williams (1993),86 Ohio App.3d 37. Finally, assuming the trial court's findings of fact are not against the manifest weight of the evidence and it has properly identified the law to be applied, an appellant may argue the trial court has incorrectly decided the ultimate or final issue raised in the motion to suppress. When reviewing this type of claim, an appellate court must independently determine, without deference to the trial court's conclusion, whether the facts meet the appropriate legal standard in any given case. State v. Curry (1994), 95 Ohio App.3d 93; State v.Claytor (1993), 85 Ohio App.3d 623; Guysinger. As the United States Supreme Court held in Ornelas v. U.S. (1996), 116 S.Ct. 1657, 1663, ". . . as a general matter determinations of reasonable suspicion and probable cause should be reviewed de novo on appeal."
 {¶ 9} In his November 17, 2005 motion to suppress and accompanying memorandum, appellant argued, "police had no encounter with Defendant that satisfied *Page 4 
any of the conditions of any of the three types of detention" i.e., casual encounter, Terry — type stop and frisk and reasonable suspicion pursuant to Terry v. Ohio (1968), 392 U.S. 1, and arrest.
 {¶ 10} The trial court's February 3, 2006 decision was based upon the right to pursue and stop appellant, not the pat-down search after the stop:
 {¶ 11} "The defendant argues that the conduct of the defendant does not rise to the level of criminal conduct or create a legitimate suspicion of criminal behavior. That argument is not supported by case law. Specifically, the United States Supreme Court in Illinois v.Wardlow, (2000) 528 U. S. 119, 145 L.Ed. 2d 570, 2000 U.S. LEXIS504 found that such behavior, coupled with flight, created reasonable suspicion for a law enforcement officer to conduct at the very least, aTerry stop of such an individual.
 {¶ 12} "Additionally, in Illinois v. Wardlow, supra, the Court, in considering the `totality of the circumstances', included the idea that officers have to base their assessment on common sense judgment and inferences about human behavior that they have learned in their training and years of experience on the job. In this instance, Officer Miller, with significant years of experience as an (sic) law enforcement officer, was permitted to assess the circumstances and apply his training and experience in determining whether or not the defendant's conduct was, in fact, suspicious and rose to the level of a belief that there was criminal activity afoot."
 {¶ 13} In his appellate brief at 4-5, appellant attacks the pat-down search by Officer Carroll after the stop. Appellant argues the evidence was insufficient to establish Officer Carroll's pat-down was consistent with State v. Bobo (1989), 37 Ohio St 3d 177, *Page 5 
and its progeny. Appellee argues neither the motion to suppress nor the trial court's judgment entry argued or addressed this position.
 {¶ 14} Pursuant to Crim.R. 47, a motion to suppress "shall state with particularity the grounds upon which it is made and shall set forth the relief or order sought. It shall be supported by a memorandum containing citations of authority, and may also be supported by an affidavit." See also, State v. Shindler, 70 Ohio St.3d 54, 58, 1994-Ohio-452 ("By requiring the defendant to state with particularity the legal and factual issues to be resolved, the prosecutor and court are placed on notice of those issues to be heard and decided by the court and, by omission, those issues which are otherwise being waived.")
 {¶ 15} The February 3, 2006 judgment entry is the only decision made by the trial court. During the hearing on the motion to suppress, the trial court's dialogue with defense counsel centered on the issues of the attempted stop, chase and detention. December 27, 2005 T. at 20-23. It was not until the end of his closing argument that defense counsel argued the state failed to meet its burden or state the reason for the pat-down search. Id. at 23.
 {¶ 16} We concur with appellee's argument the motion to suppress did not give fair notice that the pat-down search was at issue. This is further substantiated by the trial court's judgment entry which spoke only to the right of Officer Miller to stop and have appellant identify himself and the subsequent chase.
 {¶ 17} In reviewing the trial court's decision, we find the evidence presented during the suppression hearing substantiated a Terry stop: *Page 6 
 {¶ 18} In Terry v. Ohio (1968), 392 U.S. 1, 22, the United States Supreme Court determined that "a police officer may in appropriate circumstances and in an appropriate manner approach a person for purposes of investigating possible criminal behavior even though there is no probable cause to make an arrest." However, for the propriety of a brief investigatory stop pursuant to Terry, the police officer involved "must be able to point to specific and articulable facts which, taken together with rational inferences from those facts, reasonably warrant that intrusion." Id. at 21. Such an investigatory stop "must be viewed in the light of the totality of the surrounding circumstances" presented to the police officer. State v. Freeman (1980), 64 Ohio St.2d 291, paragraph one of the syllabus. "The Ohio Supreme Court has identified certain specific and articulable facts that would justify an investigatory stop by way of reasonable suspicion, factors which fall into four general categories: (1) location; (2) the officer's experience, training or knowledge; (3) the suspect's conduct or appearance; and (4) the surrounding circumstances. Bobo,37 Ohio St.3d at 178-79; Andrews, 57 Ohio St.3d at 87-88. No single factor is dispositive; the decision must be viewed based on the totality of the circumstances. Bobo, 37 Ohio St.3d at paragraph one of the syllabus;State v. Davison, 9th Dist. No. 21825, 2004-Ohio-3251, at ¶ 6, 15." State v. White, Wayne App. No. 05CA0060, 2006-Ohio-2966, at ¶ 16.
 {¶ 19} Officer Miller was patrolling "his neighborhood" and saw appellant at 2:36 a.m. in a high crime area which had been experiencing a rash of burglaries. December 27, 2005 T. at 4-5, 9. His initial motive was to stop and have appellant identify himself, and determine whether appellant belonged in the neighborhood. Id. at 5, 9. Appellant was in an alley adjacent to a home which had previously been burglarized "at least *Page 7 
maybe four times in a month period." Id. at 5. Officer Miller, in a marked police cruiser, turned around to go back toward appellant. Id. at 6. When appellant observed him "coming at him, he took off." Id. Officer Miller radioed for assistance and Officers Carroll and Evans found appellant hiding in tall grassy weeds "just a short distance from where he initially fled. Id. at 7.
 {¶ 20} We find the facts presented led Officer Miller to a reasonable suspicion of criminal behavior; therefore, a Terry stop was appropriate. The facts indicate a consensual encounter that was elevated to aTerry stop with the fleeing of appellant.
 {¶ 21} Upon review, we find the trial court did not err in denying appellant's motion to suppress.
 {¶ 22} The sole assignment of error is denied.
 {¶ 23} The judgment of the Court of Common Pleas of Richland County, Ohio is hereby affirmed.
 By Farmer, J. Gwin, P.J. and Hoffman, J. concur. *Page 8 
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Richland County, Ohio is affirmed. *Page 1