OPINION *Page 2 
{¶ 1} Defendant-Appellant appeals his convictions for operation of a vehicle while intoxicated, driving while under an FRA suspension, driving in marked lanes, and seatbelt violation. The State of Ohio is Plaintiff-Appellee.
 STATEMENT OF THE CASE AND FACTS {¶ 2} On December 14, 2007, Trooper Christopher Castellanos of the Ohio State Highway Patrol stopped and arrested Appellant, who was driving his car, charging him with one count of OVI, in violation of R.C. 4511.19(A)(1), a misdemeanor of the first degree, one count of driving under an FRA suspension, in violation of R.C. 4510.16, a misdemeanor of the first degree, one count of driving in marked lanes, in violation of R.C. 4511.33, a minor misdemeanor, and no seatbelt, in violation of R.C. 4513.263, a minor misdemeanor.
 {¶ 3} Trooper Castellanos transported Appellant to the Stark County Jail to administer a Breathalyzer test. According to Trooper Castellanos, the machine was properly calibrated, and he is certified to administer the test.
 {¶ 4} As Trooper Castellanos began administering the test, he observed Appellant begin to blow into the machine. In order to successfully complete the test, Appellant was to continue blowing into the machine until it registered 210 liters of air. Appellant stopped blowing in the machine on his own before he was instructed to do so. According to Trooper Castellanos, Appellant stated that he would not take the test and that his attorney had advised him to refuse the test. Trooper Castellanos entered the test as a refusal. *Page 3 
 {¶ 5} After marking the test as a refusal, Trooper Castellanos began to print the ticket for the refusal on the BAC machine. The machine generated three tickets. The first ticket stated "pump air". The second ticket stated "blank air". The third ticket registered the refusal. Trooper Castellanos testified that the machine was functioning properly at the time of administering the test and that any subsequent problem with the machine would have been "after the fact" of the refusal.
 {¶ 6} Appellant filed a motion to suppress the results of the breath test. A motion hearing was held where Trooper Castellanos testified to the facts as recited above. Appellant also testified at the hearing and denied refusing to take the Breathalyzer test.
 {¶ 7} Appellant raises one Assignment of Error:
 {¶ 8} "I. THE TRIAL COURT ERRED WHEN IT DENIED APPELLANT'S MOTION TO SUPPRESS THE ALLEGED REFUSAL OF THE BREATH TEST WHEN THE MACHINE WAS MALFUNCTIONING."
 I. {¶ 9} In his sole assignment of error, Appellant challenges the trial court's decision denying the suppression of the results of the Breathalyzer test. Specifically, Appellant claims that the trial court failed to support its decision with competent credible evidence.
 {¶ 10} Appellate review of a trial court's ruling on a motion to suppress evidence presents a mixed question of law and fact. State v.Mills (1992), 62 Ohio St.3d 357, 582 N.E.2d 972. An appellate court must accept the trial court's findings of fact as true if they are supported by competent and credible evidence. State v. Fanning (1982), *Page 4 1 Ohio St.3d 19, 437 N.E.2d 583. For the trial court's conclusions of law, however, we must review de novo and decide whether the facts satisfy the applicable legal standard. State v. Mayl, 106 Ohio St.3d 207,2005-Ohio-4629, 833 N.E.2d 1216.
 {¶ 11} The purpose of a motion to suppress is to eliminate from trial only evidence which has been obtained unconstitutionally. State v.French (1995), 72 Ohio St.3d 446, 449, 650 N.E.2d 887. When filing a motion to suppress, a defendant bears the burden of setting forth, with sufficient particularity, the legal and factual bases upon which the challenge is made. This assertion must be particular enough to put the prosecutor and court on notice as to the issues contested. State v.Schindler, 70 Ohio St.3d 54, 58, 1994-Ohio-452, 636 N.E.2d 319; Crim. R. 47. A technical challenge to a breath analysis test is sufficient even without case specific allegations. See State v. Williams, 2nd Dist. No. 16554, citing State v. Palmer, 2nd Dist. No. 3085.
 {¶ 12} Once a defendant has established, with sufficient particularity, the issues in his motion, the State then bears the burden of proof to demonstrate substantial compliance with ODH regulations.Xenia v. Wallace (1988), 37 Ohio St.3d 216, 220, 524 N.E.2d 889. Pursuant to the authority set forth under R.C. 3701.143, the Department of Health has promulgated regulations for chemically analyzing an individual's blood, urine, breath, or other bodily substances to ascertain the presence and amount of alcohol. See OAC 3701-53-04 through 3701-53-09. Where a challenge regarding compliance with these regulations is properly raised, the state must show substantial compliance with the Administrative Code before the results of any such tests are admissible in evidence against any criminal defendant.State v. Lake, 151 Ohio App.3d 378, 2003-Ohio-332, 784 N.E.2d 162, at ¶ 13. If the State demonstrates *Page 5 
substantial compliance, the burden of proof then shifts to the defendant to overcome the presumption of admissibility and demonstrate that he was prejudiced by anything less than strict compliance. State v.Burnside, 100 Ohio St.3d 152, 2003-Ohio-5372, 797 N.E.2d 71.
 {¶ 13} A person may be understood to refuse a chemical test "whenever a preponderance of all the evidence shows that the person who was given the request and advice in the statutory manner and form has thereafter conducted himself in such a way as to justify a reasonable person in the position of the requesting officer to believe that such requested person was capable of refusal and manifested unwillingness to take the test."Andrews v. Turner (1977), 52 Ohio St.2d 31, paragraph one of the syllabus.
 {¶ 14} In the present case, Trooper Castellanos testified that the machine had been properly calibrated, that he began administering the breath test and that Appellant began blowing into the machine. At one point, Appellant's blood alcohol content registered at 0.161, but that number did not lock into the machine and Appellant stopped blowing in the machine before it reached 210 liters of air.
 {¶ 15} Appellant then stated that his attorney told him not to take the test and he would not resubmit to the test. Trooper Castellanos marked the test as a refusal at that time. When he then began to print of the refusal ticket, three tickets were generated by the machine. The first ticket said "pump air", the second ticket said "blank air", and the third ticket showed the refusal. The trooper said that a possible malfunction on the part of the machine occurred after Appellant refused to submit to the test and that the tickets were generated after Appellant refused to continue taking the test. *Page 6 
 {¶ 16} The Eleventh District confronted a similar situation inState v. Smith, 11th Dist. Nos. 2006-P-0101, 2006-P-0102,2008-Ohio-3251. In Smith, the defendant had been pulled over for drunk driving and was transported by the officer to the Highway Patrol post, where he began to take the Breathalyzer test. The defendant began blowing into the machine, stopped, started again, and stopped again. The machine generated an "invalid sample" reading. Because the defendant indicated he understood the instructions and did not state he was unable to take the test, the trooper interpreted his conduct as a refusal to take the test.
 {¶ 17} The court, in declining to suppress the defendant's refusal inSmith, stated, "Nothing in the record indicates appellant was physically unable to provide the breath sample necessary to obtain a valid reading. In light of appellant's conduct, the trooper concluded that appellant was deliberately attempting to invalidate the reading. Viewing the evidence in its totality, we therefore hold, a reasonable officer could conclude (1) appellant was capable of refusing the test and (2) his conduct manifested an unwillingness to take the test. Such facts are sufficient to rise to the level of a constructive refusal.Andrews, supra. The trial court did not err in denying appellant's motion to suppress on this issue." State v. Smith, 11th
Dist. Nos. 2006-P-0101, 2006-P-0102, 2008-Ohio-3251, at ¶ 23.
 {¶ 18} Similarly, nothing in our record indicates that Appellant was unable to complete the test. To the contrary, Appellant specifically stated that his attorney told him not to take the test. Accordingly, it was not improper for Trooper Castellanos to mark the test as a refusal. Moreover, any alleged error with the operation of the machine occurred after Appellant refused to take the test, and therefore is not relevant *Page 7 
to our determination. The trial court did not err in denying Appellant's motion to suppress.
 {¶ 19} For the foregoing reasons, we overrule Appellant's assignment of error. The judgment of the City of Canton Municipal Court is affirmed.
 Delaney, J. Gwin, P.J. and Farmer, J. concur. *Page 7 
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Canton Municipal Court is affirmed. Costs assessed to appellant. *Page 1