OPINION
{¶ 1} Defendant-appellant Trung T. Mai appeals from a decision of the Greene County Court of Common Peas overruling his motion to suppress filed on January 25, 2005. A hearing was held before a magistrate on said motion on May 17, 2005. On May 26, 2005, the magistrate issued a written decision denying Mai's motion to suppress. The trial court adopted the decision of the magistrate on September 15, 2005. For the following reasons, the judgment of the trial court will be affirmed.
 I {¶ 2} While on patrol in the early morning hours of December 18, 2004, Beavercreek Police Officer Roger Hilderbrandt was traveling northbound on Fairfield Road in Greene County, Ohio, when he observed a silver Lincoln Continental swerving in its own lane as well as crossing over the center lines on the roadway. When the driver of the Continental, who was later identified as the appellant, failed to signal an eastbound turn onto Kemp Road, Officer Hilderbrandt initiated a traffic stop of the vehicle. Before he could exit his cruiser, Officer Hilderbrandt noticed that the reverse lights on the suspect vehicle were activated. Officer Hilderbrandt then observed the vehicle quickly back up to within ten feet of his cruiser where it abruptly stopped. Using his cruiser's loudspeaker, Officer Hilderbrandt ordered the driver to remove the keys from the ignition and toss them on ground next to the vehicle. Mai complied with the officer's request.
 {¶ 3} Upon approaching the vehicle, Officer Hilderbrandt noticed fluid on the driver's side door which appeared to be vomit. After requesting that Mai lower the driver's side window, Officer Hilderbrandt testified that he detected a strong scent of alcohol emanating from Mai and the interior of the vehicle. The officer also testified that Mai's eyes were glassy and he seemed confused. Officer Hilderbrandt asked Mai to exit the vehicle so that he could conduct field sobriety tests, and he noticed that Mai staggered as he walked to back of the vehicle.
 {¶ 4} Officer Hilderbrandt administered the horizontal gaze nystagmus test, the one-leg stand test, and the walk and turn test. Officer Hilderbrandt testified that the results of Mai's field sobriety tests indicated that he was intoxicated. Based on his training and experience, Officer Hilderbrandt decided to arrest Mai for driving under the influence. Before Officer Hildebrandt read him his Miranda rights, he asked Mai if he drank any alcohol that night. Mai indicated that he had, but he failed to elaborate as to how much he drank. Officer Hilderbrandt then read Mai his Miranda rights and placed him in the back of his cruiser and transported him to the Beavercreek Police Station. During the drive, Mai again indicated to Officer Hilderbrandt that he had been drinking, but failed to specify what he had been drinking or how much he drank. Mai also stated that he would submit to a breathalyzer exam once they reached the station.
 {¶ 5} Once at the station, Officer Hilderbrandt, a qualified senior operator on the breathalyzer machine, administered the test to Mai. The breathalyzer registered Mai's breath/alcohol level at .135 grams of alcohol per 210 liters of breath.
 {¶ 6} On September 22, 2005, Mai entered a no contest plea to OVI pursuant to R.C. § 4511.19(A)(1)(d). The trial court sentenced him to three days in jail and three days in the WIP program. The court also suspended Mai's driver's license for eighteen months. Mai filed a timely notice of appeal with this Court on October 3, 2005.
 II {¶ 7} Mai's first assignment of error is as follows:
 {¶ 8} "THE TRIAL COURT ERRED IN OVERRULING THE SUPPRESSION MOTION BECAUSE THE STATE FAILED TO MEET ITS BURDEN OF PROVING THAT IT SUBSTANTIALLY COMPLIED WITH STATE REGULATIONS PERTAINING TO MAINTENANCE OF THE BAC DATAMASTER."
 {¶ 9} In regards to a motion to suppress, "the trial court assumes the role of trier of facts and is in the best position to resolve questions of fact and evaluate the credibility of witnesses." State v. Hopfer (1996), 112 Ohio App.3d 521, 548,679 N.E.2d 321, quoting State v. Venham (1994),96 Ohio App.3d 649, 653, 645 N.E.2d 831. The court of appeals must accept the trial court's findings of fact if they are supported by competent, credible evidence in the record. State v. Isaac
(July 15, 2005), Montgomery App. No. 20662, 2005-Ohio-3733, citing State v. Retherford (1994), 93 Ohio App.3d 586,639 N.E.2d 498. Accepting those facts as true, the appellate court must then determine, as a matter of law and without deference to the trial court's legal conclusion, whether the applicable legal standard is satisfied. Id.
 {¶ 10} In his first assignment, Mai contends that the trial court erred when it failed to grant his motion to suppress, where the State failed to demonstrate compliance with Ohio Administrative Code Section 3701-53-04. OAC 3701-53-04 states in pertinent part:
 {¶ 11} "(A) A senior operator shall perform an instrument check on approved evidential breath testing instruments and a radio frequency interference (RFI) check no less frequently than once every seven days in accordance with the appropriate instrument checklist for the instrument being used. The instrument check may be performed anytime up to one hundred and ninety-two hours after the last instrument check."
 {¶ 12} With respect to Mai's contention that a proper RFI check was not performed on the breathalyzer machine utilized, Mai has waived this argument for purposes of this appeal. A review of the transcript of the suppression hearing demonstrates that no evidence was offered concerning the RFI because defense counsel stated unequivocally that Mai was not disputing whether an RFI was properly done. Indicative of this point, the following exchange occurred at the hearing:
 {¶ 13} "Ms. Farley: RFI is not in issue, though."
 {¶ 14} "The Court: Is not?"
 {¶ 15} "Ms. Farley: No."
 {¶ 16} Thus, any argument advanced by Mai in his brief with respect to whether a proper RFI was conducted pursuant to OAC 3701-53-04 is waived for the purposes of this appeal.
 {¶ 17} However, Mai's contention that the State did not meet its burden to demonstrate that the BAC Datamaster was calibrated pursuant to OAC 3701-53-04 is properly before this Court. Specifically, Mai argues that the State failed to provide any evidence that the breathalyzer was calibrated within a seven day window "on either side of the test in this case."
 {¶ 18} A motion to suppress must state its legal and factual bases with sufficient particularity to place the prosecutor and the court on notice of the issues to be decided. State v.Shindler (1994), 70 Ohio St.3d 54, 636 N.E.2d 319,1994-Ohio-452. Once a defendant sets forth a sufficient basis for a motion to suppress, the burden shifts to the state to demonstrate proper compliance with the regulations involved.State v. Plummer (1986), 22 Ohio St.3d 292, 294,490 N.E.2d 902. In driving under the influence cases, if a motion sufficiently raises an issue involving the applicable regulations, the state must then show substantial compliance with the regulation at issue. Plummer, supra at 294.
 {¶ 19} When a defendant's motion to suppress raises only general claims, along with the Administrative Code sections, the burden imposed on the state is fairly slight. State v. Williams
(April 24, 1998), Montgomery App. No. 16554. Specific evidence is not required unless the defendant raises a specific issue in his motion. Id. If no such specific requirement of a regulation is raised, the state need only present general testimony that there was compliance with the requirements of the regulation. State v.Johnson (2000), 137 Ohio App.3d 847, 851-852, 739 N.E.2d 1249. Once the state has established substantial compliance and created a presumption of admissibility, the burden then shifts to the defendant to rebut the presumption by demonstrating that he was prejudiced by anything less than substantial compliance. Statev. Burnside (2003), 100 Ohio St.3d 152, 797 N.E.2d 71,2003-Ohio-5372.
 {¶ 20} Turning to the instant case, Mai has failed to demonstrate that Officer Hilderbrandt did not substantially comply with the requirements of OAC 3701-53-04 with respect to the proper calibration of the breathalyzer. Officer Hilderbrandt testified that before he administers a breath test, he routinely checks the log book first in order to determine whether the machine has been calibrated within a six-day preceding period pursuant to OAC 3701-53-04. If he sees that the machine has not been calibrated within said time frame, he does not administer the test. Officer Hilderbrandt testified that he followed this exact protocol before he tested Mai.
 {¶ 21} Mai argues that although the State presented evidence that the test was administered within a six day window from the last calibration, no evidence was presented that demonstrated when the subsequent calibration was performed. Mai's argument misinterprets OAC 3701-53-04(A). "As long as the proper pre-test calibration of the breath testing machine occurs, the test result is admissible as evidence." State v. Parker (May 9, 1995), Perry County App. No. 94-CA-483; see State v. Franz (April 13, 2005), Knox County App. No. O4CA000013, 2005-Ohio-1755; Villageof Pioneer v. Martin (1984), 16 Ohio App.3d 478,476 N.E.2d 1098. Mai does not dispute that the evidence indicates that Officer Hilderbrandt, before he administers any breath test, routinely checks the log books in order to determine whether the machine has been properly calibrated within six days before the test is given. Mai's assertion that the State had a burden to present evidence demonstrating that a subsequent calibration check was performed on the breathalyzer is incorrect. Thus, Officer Hilderbrandt's testimony was sufficient to demonstrate substantial compliance with OAC 3701-53-04.
 {¶ 22} Mai's first assignment of error is overruled.
 III {¶ 23} Mai's second and final assignment of error is as follows:
 {¶ 24} "THE TRIAL COURT ERRED IN OVERRULING THE SUPPRESSION MOTION BECAUSE THE STATE FAILED TO MEET ITS BURDEN OF PROVING THAT IT SUBSTANTIALLY COMPLIED WITH NHTSA REQUIREMENTS CONCERNING THE ADMINISTRATION OF THE HGN TEST."
 {¶ 25} In his final assignment, Mai contends that the trial court erred by not suppressing the results of the horizontal gaze nystagmus test (HGN) administered by Officer Hilderbrandt because the test was not administered in substantial compliance with NHTSA guidelines. At the hearing on the motion, the State was required to demonstrate by clear and convincing evidence that the HGN test was administered in substantial compliance with standardized testing procedures such as those established by the NHTSA. State v. Schmitt (2004), 101 Ohio St.3d 79, 82,801 N.E.2d 446, 2004-Ohio-37.
 {¶ 26} When administering the HGN test, the examiner is instructed to have the subject focus on a stimulus while the examiner moves the stimulus from left to right. While moving the stimulus, the examiner checks for smooth pursuit of the test subject's eyes. The examiner then tracks each eye again, checking for horizontal nystagmus at maximum deviation. Lastly, the examiner tracks each eye from left to right while looking for the onset of nystagmus before the eye has tracked 45 degrees. Statev. Embry (Nov. 29, 2004), Warren County App. No. CA2003-11-110,2004-Ohio-6324.
 {¶ 27} The NHTSA guidelines list certain approximate and minimum time requirements for the various portions of the three phases of the exam. When checking the subject during each phase, the examiner must hold the stimulus for four seconds. For example, when checking for smooth pursuit, the minimum time in which to complete the tracking is approximately four seconds. Additionally, NHTSA guidelines require that the examiner, while administering the HGN, hold the stimulus (in this case, Officer Hilderbrandt's index finger) approximately twelve to fifteen inches from the test subject's face.
 {¶ 28} In the case at bar, Officer Hilderbrandt testified that while administering the HGN test, he held his finger approximately eighteen inches away from Mai's face. Moreover, Officer Hilderbrandt testified that he conducted the three phases of the HGN test much faster than the four-second minimums set forth in the NHTSA. Officer Hilderbrandt testified that with respect to the maximum deviation component of the test, he held the stimulus to the side for a period of only one to two seconds, while the NHTSA manual required a minimum of at least four seconds. In light of these deficiencies in the administration of the HGN test, we find a lack of substantial compliance with the NHTSA guidelines. However, our holding in this regard does not require us to overrule the trial court's denial of Mai's motion to suppress.
 {¶ 29} In State v. Hall (Dec. 16, 2005), Clark County App. No. 05CA0006, 2005-Ohio-6672, we affirmed the decision of a trial court which overruled defendant's motion to suppress even after finding that the HGN test was not administered in substantial compliance with the NHTSA manual because the defendant failed the other sobriety tests conducted on him.
 {¶ 30} Officer Hilderbrandt testified that in addition to the HGN test, he also administered the one-leg stand test and the walk and turn test on Mai. Mai failed both of the tests. In his brief, Mai does not even attempt to attack the results of either of those tests. In fact, Officer Hilderbrandt testified at length about how he conducted both the one-leg stand test and the walk and turn test in conformance with the requirements in the NHTSA manual. Moreover, it is clear from the record that Officer Hilderbrandt possessed numerous other indicia that furnished him with a reasonable and articulable suspicion that Mai was intoxicated. Thus, we hold that the trial court was correct in overruling Mai's motion to suppress in its entirety.
 {¶ 31} Mai's final assignment of error is overruled.
 IV {¶ 32} Both of Mai's assignments of error having been overruled, the judgment of the trial court is affirmed.
Wolff, J., concurs.