{¶ 23} I respectfully disagree with the result achieved by the majority. Specifically, I believe that the majority relies upon irrelevant factors in reaching its conclusion and places a burden on the State that is not supported by precedent. Accordingly, I respectfully dissent. *Page 14 
 {¶ 24} A motion to suppress must state its legal and factual bases with sufficient particularity to place the prosecutor and the court on notice of the issues to be decided. State v. Shindler (1994),70 Ohio St.3d 54. Once a defendant sets forth a sufficient basis for a motion to suppress, the burden shifts to the State to demonstrate proper compliance with the regulations at issue. State v. Plummer (1986),22 Ohio St.3d 292, 294. As stated by the Twelfth District,
 "in order to require the state to respond specifically and particularly to issues raised in a motion, an accused must raise issues that can be supported by facts, either known or discovered, that are specific to the issues raised. Unless an accused, either through discovery or cross-examination at the hearing, points to facts to support the allegations that specific health regulations have been violated in some specific way, the burden on the state to show substantial compliance with those regulations remains general and slight." State v. Embry, 12th Dist. No. CA2003-11-110, 2004-Ohio-6324, at ¶ 29.
Thus, when a motion to suppress fails to allege the fact-specific way in which a violation occurred, the State meets its burden by offering basic testimony from an individual responsible for complying with the ODH regulations. State v. Johnson (2000), 137 Ohio App.3d 847, 854. See also, State v. Mai, 2d Dist. No. 2005-CA-115, 2006-Ohio-1430, at ¶18-19.
 {¶ 25} In his motion to suppress, appellant stated as follows:
 "Additionally, the State did not comply with RC 4911.19 (sic) or the Ohio Department of Health regulations in drawing blood samples from Mr. Perez or in conducting tests on these samples."
Appellant never alleged any specific violation in the trial court at any point in the proceedings. Although the majority concludes that this lack of specificity was *Page 15 
remedied through an off-the-record informal discussion with the State, none of appellant's alleged specific arguments were ever presented to the trial court. "Unless the defendant raises a specific issue in a motion, specific evidence is not required." Johnson,137 Ohio App.3d at 851. Accordingly, the burden on the State to prove compliance in the instant matter remained "general and slight." Embry at ¶ 29.
 {¶ 26} In his affidavit, Dr. O'Donnell asserted numerous facts which established that the appropriate regulations were followed. Moreover, even accepting the majority's view that appellant alleged specificity in some fashion outside of our appellate record, the challenges mentioned by the State were discussed by Dr. O'Donnell. O'Donnell asserted that only certified technicians performed the tests, thereby rebutting any assertion that the technician lacked the proper qualifications to perform the testing. He stated that the testing was done under the general direction of a qualified ODH lab director. He continued, noting the sample was collected in the proper container, sealed and labeled appropriately, and stored at the correct temperature. As such, O'Donnell properly demonstrated that the State had maintained the chain of custody of the sample. Moreover, O'Donnell swore as follows:
 "7. Affiant states that the alcohol test was done using a method approved by the Ohio Department of Health. *Page 16 
 "11. Affiant states that the testing was done in accordance with the rules as set forth by the Ohio Administrative Code."
In addition, O'Donnell attached the certificates of qualification of himself and the technician who performed the tests. Given the general nature of appellant's motion to suppress, the State presented ample evidence to demonstrate compliance. Finally, even accepting the majority's view that some specificity was created through an off-the-record discussion, the State demonstrated substantial compliance with specificity as related to those issues.
 {¶ 27} The majority places a burden on the State not required by any precedent. More troubling, the majority asserts that the State has waived this issue on appeal. Neither case cited by the majority is applicable to the facts at hand. Rather, each case stands for the general proposition that issues not raised in the trial court have been waived on appeal. In the instant matter, we are concerned with the State's burden of proof. There is no authority in Ohio or any other jurisdiction to support a finding that the applicable burden of proof can somehow be waived.
 {¶ 28} Moreover, the State's failure to argue this issue on appeal is not dispositive. This Court is bound to "affirm a trial court's judgment that is legally correct on other grounds" regardless of the arguments raised or not raised by the parties. See, e.g., Cook Family Investmentsv. Billings, 9th Dist. Nos. 05CA008689 05CA008691, 2006-Ohio-764, at ¶ 19. *Page 17 
 {¶ 29} On the record, Appellant herein alleged no specific violations of any regulation. The majority, however, would require the State to present specific testimony about each and every regulation and its compliance therewith in order to satisfy its burden of demonstrating substantial compliance. Such an approach is in conflict with the State's burden when a defendant has only raised general concerns in his motion to suppress.
 {¶ 30} Finally, I disagree that the State's concession of error in this matter has any effect on our decision. The State conceded that the report prepared in this matter did not contain the required signature of the technician who performed the testing. The parties, however, cannot concede an error and force this Court to ignore the law. Simply stated, we are not bound by the parties' erroneous concessions. Moreover, it is unclear how the lack of an appropriate signature has come into play in this appeal. This lack of signature was not argued as error by appellant in the trial court or on appeal. Further, there is no authority to support a finding that this lack of signature has any relevance to a motion to suppress. The State and the majority, however, are focused on these matters which are not relevant to the issue of suppression. Furthermore, as noted above, this Court cannot reverse the trial court unless the outcome reached by that court is legally incorrect. Accordingly, the parties' concessions cannot alter this Court's authority and permit reversal when the judgment is legally correct. *Page 18 
 {¶ 31} The confusion herein has likely resulted from appellant interchanging the report created by the laboratory and the affidavit submitted by Dr. O'Donnell. These are two distinct legal documents. Dr. O'Donnell's affidavit is not the subject of R.C. 4511.19. Rather, only the report that it is referenced in that affidavit is subject to rebuttal by a demand for live testimony. However, whether or not the report can be used to demonstrate a prima facie case that appellant was intoxicated is irrelevant to a determination of whether the test results contained in that report must be suppressed. If the report was not completed in compliance with the statutory mandates, the State may very well have been forced to rely upon live testimony at trial to establish the results of its testing. However, the only method by which theresults achieved through testing may be suppressed is by establishing a violation of the ODH regulations. As noted above, the State proved substantial compliance with those regulations through Dr. O'Donnell's affidavit. Accordingly, I would affirm the trial court's denial of appellant's motion to suppress. *Page 1