OPINION
{¶ 1} Defendant-appellant, Robin E. Eyer, appeals a decision of the Warren County Court of Common Pleas overruling her motion to suppress evidence obtained from a breath alcohol test in connection with a traffic stop. We affirm in part, reverse in part, and remand.
 {¶ 2} On the evening of September 29, 2006, Officer Terry Viel of the Hamilton Township Police Department was directing traffic on East 22 and 3 during the annual wine festival at the Valley Vineyards Winery. Viel was forced to jump out of the way when appellant's vehicle drove directly toward him. Another officer directing traffic flagged down *Page 2 
appellant. Upon approaching the vehicle, Viel detected an odor of alcoholic beverage on or about appellant. He then contacted Deputy Shannon Mermann of the Warren County Sheriff's Office for assistance.
 {¶ 3} Upon arriving, Mermann also noticed an odor of alcohol on or about appellant. Appellant admitted to Mermann that she had been drinking. After administering field sobriety tests, Mermann arrested appellant and transported her to Ohio State Highway Patrol Post 83. There, appellant submitted to a breath alcohol test ("BAC test") administered by State Trooper Jeremy Sean Wickman. The test result indicated that the sample provided by appellant contained .232 grams of alcohol per 210 liters of breath.
 {¶ 4} Appellant was charged with one count of operating a vehicle under the influence of alcohol (hereinafter "OVI") in violation of R.C.4511.19(A)(1)(d). In March 2007, appellant filed a motion to suppress the evidence obtained in connection with the traffic stop. Following a hearing, the trial court denied the motion. In May 2007, appellant pled no contest to the OVI charge and was convicted and sentenced. Appellant timely appeals, raising two assignments of error.
 {¶ 5} Assignment of Error No. 1:
 {¶ 6} "THE TRIAL COURT ERRED IN NOT SUPPRESSING THE BREATH TEST."
 {¶ 7} Appellant maintains that the results of the BAC test should have been suppressed because the test was not administered in substantial compliance with Ohio Department of Health ("ODH") regulations.
 {¶ 8} Appellate review of a ruling on a motion to suppress evidence presents a mixed question of law and fact. State v. Long (1998), 127 Ohio App.3d 329, 332. The trial court, as the trier of fact, is in the best position to resolve questions of fact and evaluate witness credibility. State v. Mai, Greene App. No. 2005-CA-115, 2006-Ohio-1430, ¶ 9. A reviewing court must accept the trial court's findings of fact if they are supported by competent, credible *Page 3 
evidence. Id. The appellate court then determines as a matter of law, without deferring to the trial court's conclusions, whether the trial court applied the appropriate legal standard. Id.
 {¶ 9} Pursuant to Crim.R. 47, a motion in a criminal proceeding "shall state with particularity the grounds upon which it is made and shall set forth the relief or order sought." In order to be entitled to a hearing on a motion to suppress evidence, a defendant "must state the motion's legal and factual bases with sufficient particularity to place the prosecutor and the court on notice of the issues to be decided."State v. Shindler, 70 Ohio St.3d 54, 1994-Ohio-452, syllabus.
 {¶ 10} Once a defendant satisfies this initial burden and thereby places the prosecutor and the court on sufficient notice of the issues to be determined at the suppression hearing, the burden of proof shifts to the state. City of Xenia v. Wallace (1988), 37 Ohio St.3d 216, 220. When a defendant disputes the validity of a BAC test, the state has the burden to show that the test was administered in substantial compliance with ODH regulations. State v. Burnside, 100 Ohio St.3d 152,2003-Ohio-5372, ¶ 27. However, the extent of the state's burden depends upon the level of specificity with which the defendant challenges the legality of the BAC test. "When the language in the motion to suppress raises only general claims, even though accompanied by specific administrative code subsections, then there is only a slight burden on the state to show, in general terms, compliance with the health regulations." State v. Jimenez, Warren App. No. CA2006-01-005, 2007-Ohio-1658, ¶ 25.
 {¶ 11} In order to raise the slight burden imposed upon the state by a general motion to suppress, a defendant must provide some factual basis in support of a claim that a particular ODH regulation was not followed. This court suggested the following two methods for gathering facts in order to support such a claim:
 {¶ 12} "One way this factual basis can be obtained is during cross-examination at the hearing on the motion. A defendant who files a boilerplate motion with a bare minimum *Page 4 
factual basis will need to engage in cross-examination if he wishes to require the state to respond more than generally to the issues raised in the motion. Furthermore, merely asserting during cross-examination that the possibility exists that a very specific aspect of the regulation was not followed, without a factual basis to support the assertion, will not increase the burden on the state. Another, and in our view the best, way to obtain a specific factual basis that will increase the burden on the state to respond is by conducting formal discovery." State v.Embry, Warren App. No. CA2003-11-110, 2004-Ohio-6324, ¶ 27-28.
 {¶ 13} Appellant's motion to suppress was a general, boilerplate motion. Therefore, appellant's motion presented a general challenge to the BAC test and imposed only a slight burden on the state to show substantial compliance with ODH regulations. Jimenez at ¶ 25. However, appellant attempted to raise the state's slight burden by conducting formal discovery. Appellant filed a demand for discovery in October 2006, over five months prior to the filing of appellant's motion to suppress. The state concedes that it did not respond to or otherwise acknowledge appellant's discovery request.
 {¶ 14} At oral argument, the state justified its lack of response by reasoning that the documents sought by appellant were public record and therefore available for appellant's inspection at any time. Even so, this did not obviate the state's affirmative duty to respond to or at least acknowledge appellant's discovery request. This duty was not satisfied by the state ignoring appellant's discovery demand or asserting on appeal that the records were publicly available at the relevant state department.
 {¶ 15} The state had a responsibility to take reasonable steps to accommodate appellant's retrieval of the requested documents by either providing the material to appellant or providing appellant with the necessary access to obtain the material herself. We emphasize that the state's duty to accommodate discovery when a demand is filed by a defendant in preparation for a motion to suppress is limited to discoverable material as *Page 5 
defined in Crim.R. 16(B)(1). The state's duty does not extend to non-discoverable material as defined in Crim.R. 16(B)(2).
 {¶ 16} We also observe that appellant attempted to avail herself of the other method suggested by this court in Embry for gathering facts to support her claim that certain ODH regulations were not followed in the administration of the BAC test, namely, cross-examination of Wickman. However, appellant was unable to narrow the scope of cross-examination to develop specific issues due to the state's failure to respond to her discovery motion.
 {¶ 17} Appellant claims that the state failed to prove substantial compliance with ODH regulations because Wickman testified he was not present during the instrument checks performed on the BAC machine immediately before and after appellant's test. Appellant's boilerplate motion to suppress did not raise this specific claim, however. This court recently addressed similar circumstances in State v.Plunkett, Warren CA2007-01-012, 2008-Ohio-1014. In that case, the defendant Plunkett also filed a boilerplate motion to suppress the results of his field sobriety and BAC tests. Certain specific issues that were not raised in Plunkett's motion to suppress were raised during cross-examination of the officer who administered the BAC test in that case. Further specific issues were also raised by Plunkett subsequent to the hearing.
 {¶ 18} In Plunkett, we observed that when a generalized motion to suppress is filed and specific claims are raised during the suppression hearing, the state is not on notice of the specific claims and is denied the opportunity to present evidence on them. Id. at ¶ 21. Rather than sanctioning a defendant's reliance upon the state's inability to respond to these specific issues as a basis for granting the motion to suppress, we held:
 {¶ 19} "* * * [W]hen a defendant files a motion to suppress containing only general claims and specific issues are joined during the suppression hearing, it is proper for the trial *Page 6 
court to continue the hearing in progress to allow the state the opportunity to present evidence to address the specific issues. Likewise, during the period of the continuance, the defendant will be permitted to gather and present rebuttal evidence on these specific issues." Id. at ¶ 24.
 {¶ 20} In the case at bar, once the issue regarding the instrument checks was specifically raised during the hearing, it would have been appropriate for the trial court to continue the hearing in progress to permit the state the opportunity to gather evidence on the issue and the defense to gather rebuttal evidence on the same. See id. Because the state failed to comply with appellant's discovery request, however, the circumstances of this case dictate that a new suppression hearing is warranted. The state is ordered to facilitate appellant's request by providing the discoverable documents to appellant or, in the alternative, providing appellant with the access necessary to obtain the discoverable documents herself.
 {¶ 21} Appellant's first assignment of error is sustained.
 {¶ 22} Assignment of Error No. 2:
 {¶ 23} "THE STATE FAILED TO MONITOR APPELLANT FOR 20 MINUTES BEFORE ADMINISTERING THE BREATH TEST AND FAILED TO WAIT AN ADDITIONAL 20 MINUTES AFTER THE FIRST TEST WAS INVALID."
 {¶ 24} Appellant contends that the state did not show substantial compliance with the ODH regulation requiring a 20-minute observation period prior to administering a BAC test. According to appellant, the officers did not monitor her for 20 minutes prior to administering the first BAC test, and did not wait an additional 20 minutes to administer the second test after the first test returned an "invalid sample" result.
 {¶ 25} Ohio Adm. Code 3701-53-02 requires breath samples to be analyzed according to an operational checklist for the BAC machine being used. The checklist for each type of *Page 7 
machine requires a 20-minute observation period before a test can be administered. The purpose of this observation rule is to ensure that the defendant did not ingest some material during the 20 minutes prior to the test that would produce an inaccurate test result. State v.Bosier (July 24, 2000), Clinton App. No. CA99-11-036, at 3-4.
 {¶ 26} According to the record, the officers monitored appellant for at least 20 minutes prior to the BAC test. Officer Veil testified that appellant was in his custody for approximately two minutes before he turned her over to Mermann. Appellant was then in Mermann's custody from at least 10:14 p.m. until the first test at 11:27 p.m., or at least 73 minutes. The compliance with the requisite 20-minute observation period was also confirmed on the BAC DataMaster Operational Checklist. The state therefore presented evidence that it substantially complied with the applicable ODH regulation in observing appellant for 20 minutes prior to the administration of the first BAC test. As for appellant's argument that the officer failed to initiate an additional 20-minute observation period before administering the second test, there is no ODH regulation or other rule requiring an additional 20-minute observation period prior to re-testing a defendant. See id. at 4.
 {¶ 27} Appellant's second assignment of error is overruled.
 {¶ 28} The portion of the trial court's order overruling appellant's motion to suppress the BAC test is reversed. The remainder of the trial court's decision is affirmed. The matter is remanded to the trial court to conduct a new hearing regarding suppression of the BAC test after the state complies with appellant's discovery request. The state is directed to accommodate appellant's review of the discoverable documents requested in her discovery motion by either making those documents available to appellant or providing appellant with the necessary access for obtaining the material herself.
 {¶ 29} Judgment affirmed in part, reversed in part, and remanded.
 BRESSLER, P.J. and POWELL, J., concur. *Page 1