OPINION
{¶ 1} Plaintiff-appellant, the state of Ohio, appeals a decision of the Mason Municipal Court granting a motion to suppress the results of a breath alcohol test. For the reasons that follow, we reverse.
 {¶ 2} In April, 2007, Deputy Shannon Mermann of the Warren County Sheriff's Office observed defendant-appellee, Kyle Browning, committing marked lane violations in Deerfield Township on Kings Island Drive at approximately 2:30 a.m. Deputy Mermann instituted a *Page 2 
traffic stop when Browning arrived at his destination. Deputy Mermann detected a strong odor of alcohol on or about Browning's person and observed that Browning appeared unbalanced while walking. Browning admitted that he had been drinking. A horizontal gaze nystagmus test was administered, and Deputy Mermann observed six clues, indicating intoxication. Browning was arrested and a breath alcohol test ("BAC test") was subsequently performed by Deputy Mermann.
 {¶ 3} Browning moved to suppress the results of the BAC test, arguing that the test was not performed in substantial compliance with the Ohio Department of Health ("ODH") regulations, Ohio Adm. Code 3701-53-01 et seq. After a hearing on the matter, the trial court granted the motion to suppress, finding that Browning had shown that the state "was not able to meet even a slight burden of showing that the proper procedures were followed during the instrument breath check process." On appeal, the state raises a single assignment of error.
 {¶ 4} Assignment of Error No. 1:
 {¶ 5} "THE TRIAL COURT ERRED IN GRANTING DEFENDANT/APPELLEE'S MOTION TO SUPPRESS THE RESULTS OF THE BREATHALYZER TEST."
 {¶ 6} Appellate review of a ruling on a motion to suppress evidence presents a mixed question of law and fact. State v. Eyer, Warren App. No. CA2007-06-071, 2008-Ohio-1193, ¶ 8, citing State v. Long (1998), 127 Ohio App.3d 329, 332. A reviewing court must accept the trial court's findings of fact if they are supported by competent, credible evidence and then determine as a matter of law, without deferring to the trial court's conclusions, whether the trial court applied the appropriate legal standard. Eyer at ¶ 8.
 {¶ 7} When a defendant disputes the validity of a BAC test, the state has the burden to show that the test was administered in substantial compliance with ODH regulations. State v. Burnside, 100 Ohio St.3d 152,2003-Ohio-5372, ¶ 27. Browning challenged the state's compliance with Ohio Adm. Code 3701-53-04(A), which provides in relevant part that "[a] *Page 3 
senior operator shall perform an instrument check on approved evidential breath testing instruments and a radio frequency interference (RFI) check no less frequently than once every seven days in accordance with the appropriate instrument checklist for the instrument being used."
 {¶ 8} Browning argues that the instrument check performed on the BAC machine was not in substantial compliance with the ODH regulations because the instrument check was not performed under the exact conditions specified in the operator's manual for the BAC machine. At trial, Browning proffered several ways in which the instrument check process did not conform to the procedures contained in the owner's manual for the simulator. The trial court determined that the deputy's general lack of knowledge regarding the contents of the operator's manual, together with errors in procedure, resulted in a finding that the state failed to meet its burden to show that the proper procedures were used in the instrument check process.
 {¶ 9} After reviewing the applicable law, we find Browning's contention that the state failed to substantially comply with ODH regulations due to its failure to strictly adhere to the specifications set forth in the operator's manual without merit. The plain language of the ODH regulations does not require strict compliance with the operator's manual. The only ODH regulation referring to the operator's manual is Ohio Adm. Code 3701-53-01(B), which states that "the operational manual provided by the instrument's manufacturer shall be on file in the area where the breath tests are performed." Clearly, the express wording of this regulation does not impose the requirement that the BAC test be performed in strict compliance with the operator's manual.
 {¶ 10} Furthermore, there was evidence that the state complied with the express language of Ohio Adm. Code 3701-53-01(B). On cross-examination, Deputy Staverman, the officer responsible for the instrument check and calibration of the BAC machine, testified that *Page 4 
the manual was in fact in the room where the testing was performed and that he was familiar with the manual from his senior operator's training course. Deputy Staverman further testified that he was trained to follow the BAC instrument checklists as dictated by the ODH regulations.
 {¶ 11} According to Staverman's testimony, he substantially complied with the requirements set forth in the regulations. He testified that he conducted a calibration check of the BAC machine two days prior to Browning's test, that the calibration solution was refrigerated at 32 degrees Fahrenheit with a first use date of March 28, 2007, that a logbook containing three years worth of records was kept in the same room with the BAC machine, and that he followed the BAC operational checklist. Additionally, Browning stipulated to the following facts: that Deputies Mermann and Staverman have successfully completed Senior Operator's Training for the BAC machine; that they hold valid Senior Operator certificates issued by the ODH; that they are familiar with the operation of the BAC machine as outlined in the Supervisor's Guide; and that the simulator solution used during the instrument check registered a result within the .005g / 210L deviation required by the ODH regulations.
 {¶ 12} We conclude that the trial court erred in ruling that the state failed to meet its burden to show substantial compliance with ODH regulations based upon its failure to show that the BAC machine was in proper working order.
 {¶ 13} For the foregoing reasons, we sustain the state's assignment of error. Accordingly, the trial court's judgment granting Browning's motion to suppress is reversed, and this matter is remanded to the trial court for further proceedings according to law and consistent with this opinion.
 {¶ 14} Judgment reversed and remanded.
 WALSH, P.J. and YOUNG, J., concur. *Page 1